No. 27.—George S. Cameron & Co. *vs.* Amos Scudder.

This was a claim case, tried before Judge Fleming, in Chatham Superior Court, May Term, 1846. A distress warrant for rent, issued at the instance of the defendant in error, against one Charles E. Mustin, was levied upon sundry articles of merchandize, which were claimed by the plaintiffs in error. Upon the trial, it appeared in evidence that the defendant in execution, Mustin, rented the store which he occupied in Savannah, from the plaintiff in execution, Scudder, and owed him a balance for rent of $210 83, for which the distress warrant issued. It further appeared in evidence, that the defendant in execution, Mustin, was accustomed to deal with and obtain goods for his store, from the claimants, Cameron & Co., merchants in Charleston, S. Carolina. The claimants held the promissory notes of the defendant in execution; that on the 20th of October, 1845, the defendant in execution sold to the claimants, by a written bill of sale and invoice, the goods thereto annexed, which were proved and given in evidence—the goods and articles in said invoice mentioned, being all the goods in his store. The consideration for the sale was the delivery up by the claimants of the promissory notes aforesaid of the defendant in execution, amounting to $100, or thereabouts, more than the value of the goods sold, as inventoried and invoiced in the schedule annexed to the bill of sale.

It was proved that the articles, levied on and claimed, were contained in the schedule attached to the bill of sale. It was further proved that the defendant had no other property, except a horse and wagon, and some other small matters, which the witness, Blackwood, said were also sold to the claimants, and that he attested a bill of sale for them, but none was adduced.

It was further proved that the defendant in execution, at the time of the sale, was considered insolvent. The store and goods in it were delivered at the time of the sale to the agents of the claimants, and by their orders the goods and articles were subsequently sold at auction by an auctioneer.

Upon this state of facts, the judge below charged the jury, that if they found the defendant in execution was insolvent at the time of said sale, and that the consideration paid for the goods by the claimants was an antecedent debt due by the defendant to claimants, then, that said sale, how-

ever absolute, was not *bona fide*, within the meaning of those terms in the statute of 1818 of Georgia; that such sale was in violation of that act, and could not be sustained, because it would be a preference of one creditor to another, which the act was intended to prevent.

The jury, under the charge of the court, found the property subject.

Whereupon the counsel for the plaintiffs in error, who were the claimants in the court below, excepted to the charge of the court, upon the ground that the sale, being absolute upon its face, accompanied with delivery of possession, and no secret trust proved, was *bona fide* under the act of 1818, and that the absolute payment of an antecedent debt is a good consideration, to support a *bona fide* sale, by an insolvent under the provisions of said act.

Wm. Law, for plaintiffs in error.

Mulford Marsh, for defendant in error.

*Per* Curiam.

This case comes fully within the principles of the cases of *Eastman* and *Philbrick* vs. *McAlpin ;* and of *John E. Davis and others* vs. *George W. Anderson and Brother*, decided at the present term of this court. For the reasons given in those cases, to which the learned reader is referred, it is considered and adjudged, that there was error in the charge of the court below, that a *bona fide* sale by an insolvent debtor, to a creditor for a pre-existing debt, is void under the act of 1818. Let a new trial be awarded.